GILLESPIE, Chief Justice:
This appeal is from a decree of the Chancery Court of Scott County approving the final account of W. D. McCravey, Dwyn M. Mounger and O. B. Triplett, Jr., Trustees of a trust created by the last will and testament of Mrs. Mattie Smythe Christian, deceased. Mrs. Gertrude G. Smythe, whose objections to the allowance of various items in the final account were overruled, appealed.
The essential terms of the trust are included in the following provisions in Mrs. Christian’s will:
1. Said trustees are hereby given full and complete ownership, control and possession of said property until the termination of the trust hereby created, with full power to sell, convey, manage, invest, reinvest, insure, rent, lease, repair, rebuild and fully deal therewith, except that none of the real estate, forming a part of the corpus of said trust estate, shall be sold, except under the decree of the Chancery Court of Scott County, Mississippi.
3. The entire trust estate and all income derived therefrom shall be held by said trustees during the lifetime of my brother, Baker F. Smythe; and said trustees, out of the income or corpus of said trust estate, may in their discretion, make any payment to the said Baker F. Smythe, as a beneficiary, during the terms of this trust, which said trustees may deem necessary for his comfort, support and maintenance in accordance with his condition in life; but, during the term of this trust, said beneficiary shall have no right or power to anticipate, alienate or encumber the income or principal of said trust estate, or any part thereof, nor shall it be chargeable for any debts by him created, nor shall it be subject to attachment, or any other order, decree or process of court on account of or for the purpose of collecting, any such indebtedness or obligation; and my trustees shall not be required to make any disbursement to any assignee or creditor of said beneficiary, or otherwise, than unto the hands of said beneficiary in person, — subject to these limitations, it is my wish that said trustees pay to said beneficiary not less than $100.00 per month and that said trustees permit said beneficiary to occupy my resident property as a family home, rent free, as long as he wishes to do so.
5. [Upon the death of the said Baker F. Smythe] the said trust hereby created shall terminate; and said trustees shall thereon distribute the assets of said estate in the following manner:
(A) Should the said Baker F. Smythe marry and be survived by a wife living *703 with him at the time of his death, my residence house and lot, together with 1/3 of the remainder of the trust estate shall be distributed to her; and the remaining t/s of said trust estate shall be divided in equal shares and one share thereof shall be distributed to my niece, Miss Frances Jones, and the other share shall be distributed to such of the children of Rev. D. M. Mounger who may then be living.
After the death of Mrs. Christian in January 19S2, Baker Smythe married Mildred Threadgill and the two lived in the residence mentioned in paragraph 5(A), located in Forest, until March 1953, when they moved to Jackson. In February 1955, Baker and Mildred were divorced and Baker moved to Los Angeles. Early in 1957, after Gertrude obtained a divorce ■from Fate Abernathy, she and Baker Smythe were married. In April 1957, Baker notified the Trustees that he and Gertrude were married, expecting a child, and wished to return to Forest. He requested the Trustees to get the house in Forest ready for them, but the Trustees declined to repair the house. During the interval from 1953 to 1957 the old house had suffered heavy damage due to vandalism, and its repair would have been very expensive.
After the request to repair the house was refused in 1957, Baker and Gertrude bought a house in Jackson. In 1968, Baker again told the Trustees that he wanted the old house repaired so he could live out his life in it. The Trustees discouraged such a move because they felt it would cost too much. However, the Trustees finally agreed to advance the money for the repairs if Baker and Gertrude would execute notes in favor of the trust estate for the advancements and secure the notes with a deed of trust on the house. Baker Smythe and Gertrude accordingly executed seven notes in the total amount of $50,701.51, and these notes, along with the deed of trust, were a part of the trust estate when Baker Smythe died in 1970.
In the eighteen years between the death of Mrs. Christian in 1952 and Baker Smythe’s death on April 20, 1970, the Trustees paid out $78,500 in support to Baker and $8,000 in medical bills. In addition to this, they paid for repairs and taxes on his Jackson home.
The present litigation arose when Gertrude, widow of Baker Smythe, objected to the Trustees’ final accounting and filed a cross-bill charging them with breach of trust in the several particulars. A hearing was had and the chancellor entered a decree approving the final account and denying the exceptions thereto. The decree further provided that the beneficial interest of Mrs. Gertrude Smythe should be charged with the $50,701.51 indebtedness to the estate as evidenced by the seven promissory notes, and allowed each Trustee $5,000 in final payment for his services.
Mrs. Gertrude Smythe argues nine questions in her brief, most of which involve factual issues which the chancellor resolved against her. We find it unnecessary to discuss most of the arguments raised.
Mrs. Gertrude Smythe contends that the seven promissory notes given by Baker Smythe and herself to the Trustees of the estate representing the cost of the repairs of the residence are invalid. She contends that she only signed the notes because her husband wanted her to sign them; that repairing the house was improvident on the part of the trustees; that she did not know the notes and deed of trust would create a lien against her share of the estate; and that in causing the house to be repaired, the Trustees were only doing their duty in keeping with the intentions of the trustor. She also contends that the trial court erred in finding that the notes and deed of trust given by Baker and Gertrude Smythe for the cost of said repairs constituted a lien against the home.
This spendthrift trust was set up primarily for the benefit of Baker Smythe. We are not aware of any authority to the effect that the primary beneficiary of such a *704 trust, or a contingent beneficiary such as Mrs. Gertrude Smythe, may not contract with the Trustees in the manner done with reference to the repair of the home. A.L. I. Restatement 2d, Trusts, § 216, p. 501. The Trustees had refused to repair the residence in 1957, upon the ground that it would be too expensive. Eleven years later, in 1968, they consented to repair the large old house, only after Baker and Gertrude Smythe agreed to execute the notes and deed of trust to the Trustees for the amount of such repairs.
We are not here concerned with whether the Trustees could have collected on the notes in an action against Baker Smythe. Of course, at the time of the execution of the notes and deed of trust neither Baker Smythe nor Mrs. Gertrude Smythe had any present interest in the fee to the residence. Baker Smythe could never under the terms of the trust be vested with the title in fee, his interest being limited to the right to use the residence. His wife, however, had a contingent interest and upon surviving Baker Smythe while married to him she would become vested with the fee simple title. Under these circumstances, we do not find any impediment to the lawful execution of the notes and deed of trust which would become a lien on the residence only if Mrs. Gertrude Smythe survived her husband while married to him. The chancellor had the right to reject Mrs. Gertrude Smythe’s contention that she did not know the notes and deed of trust would constitute a lien on the residence. Mrs. Smythe is the beneficiary of the repairs made to the house to the extent of its enhanced value at the time she became vested with title. She and Baker Smythe also had an interest in his desire to live in the old home place for the remainder of his life. Under these circumstances, Mrs. Gertrude Smythe is not in a position to raise any question concerning whether the advancement of the cost of repairs by the Trustees was an improvident act.
The Trustees determined in 1957 that repair of the house would be too expensive. It would be a close question whether the Trustees were improvident in advancing more than $50,000 for repairs to the residence if Mrs. Gertrude Smythe was in a position to raise the question, which she is not.
We hold that the chancellor did not commit reversible error in holding that the notes executed by Mrs. Gertrude Smythe were valid and constituted a lien on her share of the estate upon the death of Baker Smythe.
Mrs. Gertrude Smythe raises the question that the court erred in taxing the costs of the proceedings on her objections to the final account against her. She argues that there were errors in the accounts, and that it was inequitable to charge her with the costs. We think this was a matter for the chancellor and we cannot say he was in error in taxing Mrs. Gertrude Smythe with the costs. Miss. Code 1942 Ann. § 1583 (1956).
Finally, it is argued that the trial court erred in allowing each of the three trustees $5,000 upon final accounting. During the nineteen years that the Trustees handled this estate both as executors under the will of Mrs. Christian and as such Trustees they had received $15,550 prior to the filing of the final account. When the Trustees assumed their duties in 1951, the trust estate was valued at $147,000. They expended about $208,000, most of which was for the benefit of Baker Smythe. When the final distribution of the trust estate is made, the Trustees will have handled approximately $468,000. They filed seventeen annual accounts. We cannot say that the chancellor was in error in allowing a final fee of $5,000 each.
After careful consideration of the' various questions raised, we are of the opinion that the chancellor’s decree approving the final account of the Trustees should be and it is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ„ concur.